Bolster, C. J.
This is a writ of scire facias against trustee. The trustee was examined upon successive sets of interrogatories in the original case. No allegation of facts not stated or denied by the trustee was there filed, cf. Harwood Bros. v. N. E. Wholesale Opticians, App. Div. No. 10138 of 1913 (4-29). Werment v. Martin, App. Div. No. 2625 of 1918 (10-107). The present report states that the trustee was originally charged in the sum of $449.59 upon the trustee’s sworn answers “together with certain oral evidence not reproduced at the hearing before me”. If that is so, the original charging was error if it rested in any essential part upon oral evidence. Kolda v. Nat. Ben Franklin Fire Ins. Co., App. Div. No. 305165 of 1932 (38-333)— affirmed, 1935 A. S. 857. The error was manifestly repeated in the present proceeding. The city filed a sworn answer stating that it had no funds of Prescott, the original defendant, “which could be attached”. There was no *392 further interrogation. The trustee filed no sworn statement of specific facts. No additional issues were created by the filing of allegations by either party, pursuant to Gen. Laws (Ter. Ed.), Oh. 246, '§16. The plaintiff introduced the trustee’s answers in the original suit. Over his protest the court allowed the defendant to put in evidence, of a kind not shown and from a source not shown, from which the court apparently found that the debt was mainly that of the county of Suffolk, not the city of Boston, and that as to the residue, it was of a sort which the trustee process would not reach. The course pursued was irregular, outside that prescribed by the trustee process statute, and a mistrial must be declared, whether or not there was error in dealing with the specific requests.
While this process in form runs against the city alone, it is still the property of the principal defendant with which the law is dealing. Payment by the city will discharge its obligation to the principal defendant. (Gen. Laws, Oh. 246, §43). If the trustee wishes to escape its original charging. it must make and file sworn statement of the facts which make it not presently liable, or else both file and prove allegations of facts which produce a similar legal result. The citations in the opinion of this division in the Kolda ease show great liberality in the protection afforded trustees, but they do not affect the rule that procedure must follow the statute and that the record must show the legal trail through which the defendant’s property is given to his creditor. This record does not do that and it strips the plaintiff of his right under section nineteen to hold the trustee for a false answer.
TJpon the present record we express no opinion as to the legal sufficiency of the trustee’s defence.
Finding for defendant vacated.